FIRST FINANCIAL SAVINGS BANK, INC.; Home Savings and Loan Association; Pioneer Savings Bank; Richmond Federal Savings and Loan Association; Builders Federal Savings and Loan Association; Edgecombe Homestead and Loan Association; First Federal Savings and Loan Association of Pitt County; Preferred Savings Bank; Albemarle Savings and Loan Association; Gate City Federal Savings and Loan Association; Home Federal Savings and Loan Association of Kings Mountain; and First Carolina Savings Bank, Inc., Plaintiffs,

v.

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, INC.; American Bankers Financial Services, Inc.; American Bankers Insurance Group, Inc.; Cardinal Savings Bank, Inc.; Inter–State Securities, Inc.; First Union National Bank; Wallace J. Conner; Larry M. Dinkins; Roger L. Roode; Peter D. Lowrey; Samuel R. Crites; and Dennis DiMaggio, Defendants.

No. 88–33–CIV–5.

United States District Court, E.D. North Carolina, Raleigh Division.

July 22, 1988.

Michael T. Medford, Manning, Fulton & Skinner, Raleigh, N.C., for plaintiffs.

Richard Hutson, Mount, White, Hutson & Carden, Durham, N.C., for defendants American Bankers Ins. Co. of Florida, Inc., American Bankers Financial Services, Inc., American Bankers Ins. Group, Inc., Roger L. Roode, Peter D. Lowrey, Samuel R. Crites, and Dennis DiMaggio.

J. Jerome Hartzell, Graham & James, Raleigh, N.C., for Cardinal Sav. Bank, Inc.

Jeffrey J. Davis, Moore & Van Allen, Charlotte, N.C., for Interstate Securities, Inc.

Martha J. Mason, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, N.C., for First Union Nat. Bank.

Scott Hart, Mays & Valentine, Richmond, Va., for Wallace J. Conner.

Joseph W. Moss, Adams, Kleemeier, Hagan, Hannah & Fouts, Greensboro, N.C., for Larry M. Dinkins.

ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on the motion to dismiss filed by American Bankers Insurance Company of Florida, Inc. ("ABIC"), American Bankers Financial Services, Inc. ("ABFS"), and American Bankers Insurance Group, Inc. ("ABIG") based upon the grounds that the action filed by First Financial Savings Bank, Inc., et al., violates the doctrine of comity and that pursuant to Fed.R.Civ. P. 9(a) and 17(a), the plaintiffs' lack capacity to bring the action. As the procedural history of this case has been thoroughly outlined in prior orders of this court, this order will address only those issues raised in ABIC's motion to dismiss.

## I. COMITY ARGUMENT

The defendants argue in their motion to dismiss that general principles of comity require that the action filed by the First Financial plaintiffs be dismissed in light of the five actions previously filed by First Union National Bank as Trustee for the First Financial plaintiffs. Defendants contend that the First Financial action should be litigated, if at all, in the context of the five actions filed by First Union National Bank in order to conserve judicial resources, insure cost-effective litigation, and minimize the possibility of duplicative litigation.

The First Financial plaintiffs have responded to ABIC's comity argument by stating that the comity doctrine applies only when the same issues are simultaneously pending before different courts of concurrent jurisdiction. Plaintiffs contend that the doctrine of comity has no application when the actions are pending before the same court. Finally, the plaintiffs note that application of the comity doctrine is discretionary and should be used only in the interest of justice and sound judicial administration.

In analyzing the comity issue raised by the defendants, it should be noted that federal courts have recognized that comity

requires that federal district courts exercise care to avoid interference with the affairs of other federal district courts. *West Gulf Maritime Ass'n. v. ILA Deep Seal Local 24,* 751 F.2d 721, 728 (5th Cir. 1985), *cert. denied,* 474 U.S. 844, 106 S.Ct. 133, 88 L.Ed.2d 110 (1985). "As between federal district courts, ... the general principle is to avoid duplicative litigation." *Id.* at 728–29, quoting *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). To avoid the problem of duplicative and piecemeal resolution of issues, "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *West Gulf Maritime Ass'n,* 751 F.2d at 729.

■ The defendants contend that the reasoning set forth above applies in the case presently before the court. However, all of the cases cited by the defendants in support of their position, deal with conflicts between different district courts. In this case the actions claimed to be duplicative are all before the same district court and are assigned to the same judge. As such, the underlying rationale for the imposition of the comity doctrine, i.e. the likelihood of inconsistent rulings and harassment in discovery demands, is greatly reduced. Furthermore, any potential risk of duplicative proceedings can be eliminated if the court consolidates these actions as requested by the First Financial plaintiffs. *See I.A. Durbin, Inc. v. Jefferson National Bank,* 793 F.2d 1541, 1552 n. 13 (11th Cir.1986), *Walton v. Eaton Corp.,* 563 F.2d 66 (3d Cir.1977). This court notes that by order of this date it has allowed the substitution of the First Financial plaintiffs as plaintiffs in the five adversary proceedings filed by First Union and has consolidated these actions at least for the purpose of pretrial discovery. These actions greatly diminish the weight of the defendants' comity arguments. For these reasons, the court denies the ABIC defendants' motion to dismiss based upon the comity doctrine.

## II. REAL PARTY IN INTEREST ARGUMENT

■ The ABIC defendants contend the plaintiffs lack the capacity to bring this action pursuant to Rules 9 and 17 of the Federal Rules of Civil Procedure. Specifically, in the five First Union actions, the Trustee asserts claims "on behalf of the holders of any interest in the bonds and seeks to redress any wrongs which may have been perpetrated by the parties in planning and executing schemes to defraud the Trustee and bondholders." Defendants argue that if this is true, the First Financial plaintiffs cannot assert identical claims on their own behalf and that the present action should be dismissed. In support of this argument, defendants cite Fed.R.Civ.P. 17(a) which provides that:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that persons own name without joining the party for whose benefit the action is brought.

Citing the advisory committee note to the 1966 amendment to Rule 17, the ABIC defendants state that "the modern function of the Rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgement will have it's proper effect res judicata."

The First Financial plaintiffs respond by stating that the basic thrust of Rule 17 is that lawsuits should ordinarily be brought in the name of the party who will gain or lose based on the outcome of the action. As such, in this case, the bondholders are the real party in interest and should have the right to bring an action such as the one presently before the court. Further, plaintiffs argue that Rule 17 states that a Trustee of an express trust "may sue [the Trustees] own name without joining the party

for whose benefit the action is brought." Plaintiffs further argue that where the Trustee has an alleged conflict of interest, as in this case, it does not stand to reason that the Trustee is the only party who can bring an action.

As with the ABIC defendants' comity argument, this court is sympathetic to their claims that the First Financial action is to a great degree duplicative of the five First Union adversary proceedings. However, in light of the Court's ruling allowing the First Financial plaintiffs' motion to consolidate these actions, at least for the purpose of pretrial discovery, and its ruling to allow their motion to substitute themselves as plaintiffs in the five First Union adversary proceedings, this court feels obligated to deny the ABIC defendants' motion to dismiss based on Rules 9 and 17 of the Federal Rules of Civil Procedure.

## CONCLUSION

In conclusion, although the ABIC defendants' motion to dismiss is not without merit, this court is compelled to deny the motion in light of the court's prior orders allowing limited consolidation of the action and full substitution of plaintiffs. The consolidation of the actions and substitution of plaintiffs in the five former adversary proceedings filed by First Union adequately provide for the efficient handling of these cases as well as insuring that the defendants are accorded fair treatment. Therefore, it is ordered, adjudged and decreed that the ABIC defendants' motion to dismiss is hereby denied.